UNITED STATES DISTRICT COURT
NORTHERN DISTRICT EASTERN DIVISION

| | |
|---|---|
| GERRY ESTHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-cv-2517 ) |
| WALMART INC., a Foreign Corporation, | ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

NOW COMES **Defendant, WALMART INC.**, by and through its attorneys James P. Balog and Lucas Sun, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division and in support thereof, states as follows:

### PLEADINGS AND BACKGROUND

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. This matter arises out of an incident which occurred on April 8, 2021 at the Walmart located at 7050 South Cicero Avenue, Bedford Park, Illinois. Plaintiff filed a Complaint in the Circuit Court of Cook County, styled GERRY ESTHER v. WALMART INC., bearing Case No. 2023L003312, filed on April 5, 2023. (*See* Exhibit A, Plaintiff's Complaint at Law).

3. In response to the Complaint, Defendant filed its Appearance and Jury Demand on April 19, 2023. (*See* Exhibit B, Defendant's Appearance and Jury Demand).

### BASIS FOR DIVERSITY

4. Both at the time of the commencement of the State Court action and at the present time, Defendant, Walmart Inc., was a Delaware Corporation with executive headquarters (where its

1

directors and officers are located) in Bentonville, Arkansas (*See* Exhibit C, Arkansas Secretary of State Business Information Search for Walmart Inc.).

5. A corporation has a single principal place of business where its executive headquarters are located. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991). Therefore, at all pertinent times, Defendant, Walmart Inc., was a citizen of Arkansas and Delaware.

6. Plaintiff is an individual who is domiciled in or is otherwise a citizen of Illinois.

7. Plaintiff's Complaint at Law states the amount in controversy as "an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) plus costs of suit."

8. With the first notice that the claimed amount in controversy exceeded $75,000 and that Plaintiff is a citizen of Illinois (thereby fulfilling diversity requirements) occurring on or about April 6, 2023 when Defendant received notice of the lawsuit, this Notice was filed within thirty (30) days of "receipt by the defendant[s], through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

9. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Circuit Court of Cook County, a true and correct copy of this Notice.

10. By removing this action, Defendant does not waive any defenses available to it.

11. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

12. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant WALMART INC., prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: April 21, 2023

          Respectfully submitted,

          O'HAGAN MEYER LLC
          By:
          s/Lucas Sun
          One of the Attorneys for Defendant Walmart Inc.

James P. Balog, Esq.
Lucas Sun, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
lsun@ohaganmeyer.com